**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**WILLIE GUIDRY, by and through
his guardian and conservator, Laurel
A. Carrier,**

      Plaintiff,

vs.                                                                                          Civ. No. 06-619 RLP/ACT

**SOCORRO COUNTY BOARD OF
COMMISSIONERS,**

      Defendants.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court for approval of a settlement between Plaintiff, Will Guidry ("Guidry") and Defendant, Socorro County Board of Commissioners ("Commissioners"). Court approval is necessary because Guidry was deemed incompetent by a court of general jurisdiction and Laurel A. Carrier ("Carrier"), was named his guardian and conservator.

    1. On July 12, 2006, Plaintiff filed a "Complaint for Violation of Civil Rights, Damages, and Demand for Trial by Jury" asserting that Defendants had been "deliberately indifferent" to Guidry's medical needs. Guidry, a diabetic, claims that his left leg was amputated as a result of Defendant's deliberate indifference to his medical needs.

2. On June 7, 2007, the Court conducted a settlement conference. The case was settled for $5000 pending appointment of a conservator.

3. On July 16, 2007, the Court held a hearing on the settlement of this matter. It was represented to the Court that Carrier was appointed as Guidry's conservator and guardian in a state court proceeding. Carrier submitted to the Court her "Report of Guardian and Conservator for Willie Guidry ("Report"). The Court took judicial notice of the Report.

4. Plaintiff is presently at the Laurel Meadows nursing care facility in Belen, New Mexico and has been there for two years. At this time he suffers from "profound dementia" and does not realize that he has filed a lawsuit. He is not able to testify to the facts of this matter and his attorney has not found anyone that is able to testify favorably for him. There are however, witnesses that will testify favorably for the Commissioners. Under these circumstances, it is highly questionable whether Guidry could prevail at trial.

5. The terms of the settlement are that Defendants will pay $5,000 to settle this matter. Guidry's attorney will forego his fees. The costs in this matter total $4,200. The remainder, $800, will be placed in an account for Guidry to be administered by Carrier.

6. After consideration of the evidence and the presentations of counsel, the Court concludes that it has jurisdiction over the parties and subject matter and that the settlement is in the best interests of Guidry.

## **RECOMMENDED DISPOSITION**

I recommend that the Court enter an order approving the parties' settlement without further hearing.

Timely objections to the foregoing may be made pursuant to 28 U.S.C.§ 636(b)(1). Within ten (10) days after a party is served with a copy of these proposed findings and recommendations

that party may, pursuant to 636(b)(1), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque, NM 87102.  A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings an recommendations.  If no objections are filed, no appellate review will be allowed.

                        **ALAN C. TORGERSON**
                        **UNITED STATES MAGISTRATE JUDGE**